UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEXANDER W. NDAULA,                )
            Petitioner,            )
                                   )
        v.                         )C.A. No. 04-10842-JLT
                                   )
TOM RIDGE, Secretary for the       )
U.S. Department of Homeland        )
Security; FRANK MONIN, Director    )
Headquarters Post Order            )
Detention Unit; U.S. IMMIGRATION   )
AND CUSTOMS ENFORCEMENT (ICE);     )
and CRAIG ROBINSON, Field          )
Interim Director-New Orleans ICE   )
District,                          )
            Respondents.           )

<u>MEMORANDUM AND ORDER OF TRANSFER</u>

For the reasons set forth below, this habeas action will be transferred to the Northern District of Alabama.

<u>BACKGROUND</u>

On April 26, 2004, Alexander W. Ndaula, now detained in Gadsden, Alabama by the Department of Homeland Security, filed a filed a petition for writ of habeas corpus[1] accompanied by a motion to proceed in forma pauperis. Petitioner, a citizen of Uganda, challenges his detention by the Department of Homeland Security in violation of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) (placing burden on government after alien has been confined for six months to rebut showing that there is no

_____

[1] The petition is titled "Petition for a Writ of Habeas Corpus, 28 USC § 2241 and Complaint for Injunctive Relief to Remedy Due Process Deprivations and Secure Immediate Release <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001)."

significant likelihood of removal).  See Petition.

Petitioner alleges that he was taken into custody on February 5, 2002 and has been under a final order of removal since September 29, 2003.  See id. at pages 9-10.  Petitioner alleges that on January 12, 2004, he was transferred from a facility in Oakdale, Louisiana to a facility in Ferriday, Louisiana.  Id. at page 5.  Petitioner further alleges that on April 9, 2004, petitioner was transferred to a facility in Pine Prairie, Louisiana.  Id.  Three days later, on April 12, 2004, petitioner was transferred to the Ettowah County Detention Center in Gadsden, Alabama.  Id. at page 6.

Petitioner alleges that he has been placed on "custody review provisions pending either removal to a third party country or eventual release on supervised release conditions." Id. at page 10.  Petitioner further alleges that he was informed on January 21, 2004 that "efforts are ongoing to obtain travel documents" for petitioner's removal from the United States.  Id.  Petitioner further alleges that a detention decision dated January 21, 2004, stated that if petitioner was not released or removed by March 20, 2004, "jurisdiction over his case would be transferred to the Headquarters Post Order Detention Unit in Washington, D.C." Id. at p. 6.

Petitioner complains that his removal is unlikely to occur in the reasonably foreseeable future because the government has been unable "to identify a third party willing country for removal." Id. at p. 13. In an effort to allege facts that support this Court's jurisdiction, petitioner alleges that the respondents have "shifted [petitioner] through four different prisons/holding centers within the last three months, from January to April 12, 2004." Id. at page 4. Petitioner further alleges his immigration proceedings and the underlying criminal proceedings were commenced in Massachusetts. Id. at page 5.

DISCUSSION

I.   The Court Will Construe the Pleading As a
     Petition for Habeas Corpus Under Section 2241

Petitioner's habeas petition invokes the Court's jurisdiction under 28 U.S.C. § 2241 as well as several other federal statutes including 8 U.S.C. § 1101; the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq.; and 28 U.S.C. § 1331 (federal question). See Petition, pages 2-3.

Although petitioner invokes this Court's jurisdiction under several provisions, his habeas petition is brought specifically as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a general matter, a party only may challenge his custody through a habeas petition. See

<u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws).

Because petitioner seeks a writ of habeas corpus, the Court will consider this case only as a petition for writ of habeas corpus and not as an action brought under any of the other jurisdictional bases suggested in the habeas petition because the exclusive means of securing a writ of habeas corpus is through a habeas petition. See <u>Rasul v. Bush</u>, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as Section 2241 habeas petitions). The construction of this action as a habeas action under Section 2241 is without prejudice to any future attempt by petitioner to file a complaint in this district on other theories and under other statutes.

    II.  The Court Will Transfer this Action
         <u>to the Northern District of Alabama</u>

Federal courts have jurisdiction over Section 2241 habeas petitions brought by aliens facing deportation to the extent those petitions are based on colorable claims that the petitioner's statutory or constitutional rights have been violated. See <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir.

4

2002); see also INS v. St. Cyr, 533 U.S. 289, 314 (2001).
Petitioner brings the instant action alleging that his
continued detention is unlawful under Zadvydas v. Davis, 533
U.S. 678, 687-688 (2001).

However, in the First Circuit, the rule governing the proper
respondent to a habeas petition is that the only proper respondent
is the person with day to day control over the detainee.
Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied
sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien
seeking writ of habeas corpus contesting legality of detention
by INS normally must name as respondent his immediate
custodian, the individual having day to day control over the
facility in which he is being detained).

Although the Court in Vasquez recognized that "extraordinary
circumstances" may justify exceptions to this rule, such
extraordinary circumstances do not exist here.  Vasquez at 969
(suggesting that extraordinary circumstances might include a
situation in which the location of the detainee is undisclosed, or
where the INS has "spirited an alien from one site to another in an
attempt to manipulate jurisdiction.").

Although petitioner alleges that he has been transferred
between four different institutions during the last three months, he
has not alleged that such transfers were motivated by an attempt to

manipulate jurisdiction.  In fact, a search of PACER, the federal

judiciary's electronic public access system, reveals that

petitioner filed a Section 2241 habeas petition in the Western

District of Louisiana.  See Ndaula v. Ashcroft, et al., No. 04-CV-65

(W.D. La. Jan. 14, 2004) (pending).

Because this Court does not have personal jurisdiction

over the Warden of the Ettowah County Detention Center in

Gadsden, Alabama, the Court will transfer this Section 2241

petition to the proper district.[2]  Vasquez at 696.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED that this

action be TRANSFERRED to the Northern District of Alabama,

1729 5th Avenue North; Birmingham, AL  35203.

SO ORDERED.

Dated at Boston, Massachusetts, this  3rd  day of   May  , 2004.

                                   s/ Joseph L. Tauro
                                   JOSEPH L. TAURO
                                   UNITED STATES DISTRICT JUDGE

---

[2]Because the Court is transferring this action, it will
not address petitioner's Motion to Proceed In Forma Pauperis.
See Vasquez, 233 F.3d at 697 (the district court ought not to
have acted on the merits of petition where court lacked
jurisdiction over petitioner's custodian).